# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**WISCONSIN ELECTRICAL EMPLOYEES BENEFIT FUNDS and EDWARD R. GRAY,**
      Plaintiffs,[1]

    v.                                 Case No. 06C1285

**SHAFFER ELECTRIC, INC.,**
      **Defendant.**

## DECISION AND ORDER

Plaintiffs filed this lawsuit on December 13, 2006, alleging violations of ERISA § 515, 29 U.S.C. § 1145. Defendant did not timely answer the complaint. The clerk entered default against defendant and, on March 7, 2007, plaintiffs filed an application for entry of default judgment.

Upon the clerk's entry of default, "the well-pleaded allegations of a complaint relating to liability are taken as true." Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc., 722 F.2d 1319, 1323 (7th Cir. 1983). Plaintiff Wisconsin Electrical Employees Benefit Funds is a collection of employee benefit plans and plaintiff Edward R. Gray is Trustee of the Funds. (Compl. at 2.) Plaintiffs have alleged that defendant Shaffer Electric, Inc. is an employer in an industry affecting commerce, and has entered into a collective bargaining agreement with the International Brotherhood of Electrical Workers, AFL-CIO, and Kenosha Devision, Wisconsin Chapter, N.E.C.A., Inc. (Compl.

---

[1] Though Edward R. Gray was named as a plaintiff on the operative civil cover sheet and complaint, he has not yet appeared in the caption on the court docket. I hereby add him to the caption.

at 2.) As part of the agreement, defendant agreed to make timely payments to the plaintiff trust funds for each employee covered by the agreement. Defendant has failed to make such payments on a timely basis, and has failed to report employee work statuses as required by the agreement. (Compl. at 3-4.)

Plaintiffs' allegations, now deemed true, sufficiently establish that defendant has violated § 515. ERISA § 502, 29 U.S.C. 1132, provides a private right of action for such violation. Thus, I turn to damages. Where damages are liquidated, i.e. capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits, default judgment may be entered without a hearing. See Dundee, F.2d at 1323. Here, damages are liquidated and no hearing is needed.

ERISA provides that in any action to enforce § 515 in which the court awards judgment in favor of the plan, the court shall award the plan:

> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of –
>     (i) interest on the unpaid contributions, or
>     (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.

§ 1132(g). Plaintiffs have submitted affidavits indicating that the defendant owes the following amounts: (A) $7,753.27 in delinquent contributions, (B) $1,231.30 in assessed interest, (C) $2,350.66 in liquidated damages, (D) attorney fees in the amount of $2,990.00 and costs in the amount of $445.95. Plaintiffs have submitted detailed auditing reports to support their calculations. These numbers appear sound, with the

2

exception of the liquidated damages figure. That number exceeds the statutory cap of 20 percent of the amount of unpaid contributions; as such, I will reduce the liquidated damages figure to $1,550.65. Thus, the total amount owed by defendants, is $13,971.17.

**Therefore,**

**IT IS ORDERED** that plaintiffs' application for default judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that the clerk of court enter judgment in favor of plaintiffs and against defendant in the amount of $13,971.17.

Dated at Milwaukee, Wisconsin this 21 day of July, 2007.

/s_____
LYNN ADELMAN
District Judge